RECEIVED

JAN 2 4 2007

ROBERT H. SHEMWELL, CLERK
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE, LOUISIANA

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAFAYETTE-OPELOUSAS DIVISION

| | |
|---|---|
| CHARLES LOCKMAN | CIVIL ACTION NO. 07-0089 |
| VS. | JUDGE HAIK |
| AXXIS DRILLING CO. | MAGISTRATE JUDGE METHVIN |

## ORDER REGARDING MOTION FOR APPOINTMENT OF COUNSEL

Before the court is a Motion for Appointment of Counsel filed by plaintiff Charles Lockman on January 16, 2007.[1]

The plaintiff seeks appointment of counsel in connection with this Title VII employment discrimination suit under the provisions of 42 U.S.C. §2000e-5(f)(1). This provision states:

> Upon application by the complainant and in such circumstances as the court may deem just, the court may appoint an attorney for such complainant and may authorize the commencement of the action without the payment of fees, costs, or security.

A Title VII plaintiff has no absolute right to an appointed counsel. Salmon v. Corpus Christi I.S.D., 911 F.2d 1165, 1166 (5th Cir. 1990). The decision of whether to provide counsel lies solely within the discretion of the court. Gonzalez v. Carlin, 907 F.2d 573, 580 (5th Cir. 1990), citing, Caston v. Sears, Roebuck & Co., 556 F.2d 1305 (5th Cir.1977). The Fifth Circuit has set forth three general factors in evaluating applications for appointment of counsel in Title VII cases. Caston v. Sears, Roebuck & Co., 556 F.2d at1309-10. The factors are: (1) the effort taken by the complainant to obtain counsel on his or her own; (2) the complainant's financial ability to retain counsel; and (3) the merits of the complainant's claims of discrimination.

---

[1] Rec. Doc. 2.

No one factor is conclusive. See <u>Oviedo v. Lowe's Home Improvement, Inc.</u>, 184 Fed.Appx. 411, 412, 2006 WL 1602348, *1 (5th Cir. 2006), citing <u>Caston</u>, 556 F.2d at 1309.

The plaintiff has not satisfied the first factor considered by the court, that is, he has not documented his efforts to obtain counsel on his own, nor has he provided adequate evidence that he is unable to retain counsel. The plaintiff also has not addressed his financial ability to retain counsel.

With respect to the merits of plaintiff's claim, the court must consider the determination of the EEOC, if any. While an unfavorable determination must be considered, it should not be given preclusive effect. An adverse EEOC determination may "weigh heavily in the scales against appointing an attorney" only when the court finds "the EEOC determination is supported by substantial evidence in the investigative file and that the plaintiff's objections thereto are patently frivolous." <u>Caston</u>, 556 F.2d at 1309. See also <u>Neal v. IAM Local Lodge 2386</u>, 722 F.2d 247, 250 (5th Cir. 1984).

The EEOC conducted an investigation in this case and was unable to conclude that a statutory violation had occurred. In <u>Neal</u>, the EEOC reached the same conclusion. The magistrate judge in that case denied plaintiff's request for an attorney, weighing the EEOC's conclusion. The Fifth Circuit reversed and remanded, stating that the magistrate judge had failed to assess the validity of the EEOC's determination, but rather had relied upon the bare allegations in the complaint. <u>Neal</u> at 249.

In the case at bar, the EEOC's file is not in the record and a review of the validity of the EEOC investigation is not possible. The Fifth Circuit has acknowledged the propriety of a

magistrate judge's review of the EEOC investigative file for the purpose of evaluating the merit of a Title VII claim. Neal, 722 F.2d at 250.

**IT IS THEREFORE ORDERED** that the plaintiff shall contact at least five (5) attorneys for the purpose of representation in this matter and shall file the names of the attorneys contacted, and the reasons they were not retained, into the record *on or before February 22, 2007.*

**IT IS FURTHER ORDERED** that the EEOC shall file a copy of its investigative file regarding Charles Lockman, charge No. 460-2006-06149, into the record *on or before February 22, 2007.*

**IT IS FURTHER ORDERED** that, upon receipt of the EEOC file, the Clerk shall mail a copy of the file to plaintiff. Plaintiff may respond to the information contained in the EEOC file within ten days from his receipt of the file. Plaintiff's response should point to any inaccuracies in the EEOC file, and should include any arguments in support of his claims against defendants.

**IT IS FURTHER ORDERED** that after mailing plaintiff's copy of the EEOC file, the Clerk shall place the EEOC file under seal.

**IT IS FURTHER ORDERED** that the Clerk shall send a copy of this Order to the EEOC, **Attention Jim Sacher**, Houston District Office, 1919 Smith Street, 7th Floor, Houston, TX 77002.

Signed at Lafayette, Louisiana on January 24, 2007.

COPY SENT:
DATE: 1/24/07
BY: CW
TO: Sacher

Mildred E. Methvin
United States Magistrate Judge
800 Lafayette St., Suite 3500
Lafayette, Louisiana 70501
(337) 593-5140 (phone) 593-5155 (fax)